■ CARMEN N. CANGIANO, Respondent-Appellant, v JANE THOMPSON et al., Defendants, and EMIL BANKS, JR., et al., Appellants-Respondents. — Cross appeals from a judgment of the County Court of Greene County in favor of plaintiff, entered October 20, 1981, upon a decision of the court at Trial Term (Feeney, Jr., J.), without a jury. In 1956, one Roland Banks acquired a tax deed to certain real property located in the Town of Lexington, New York, which property consisted of some 73 acres divided by a public road into two parcels of 28 acres and 45 acres. Roland Banks executed a deed to this property to plaintiff in 1959. Plaintiff commenced the present action in 1975 to compel a determination of his claim to the property. In his first cause of action he asserted title through the deeds previously mentioned and in his second cause of action he claimed title through adverse possession. Following a trial without a jury, the trial court held that plaintiff had proved the first cause of action and so much of the second cause of action as concerned the parcel containing approximately 45 acres. Consequently, a judgment was entered in favor of plaintiff which decreed that he was the sole owner in fee simple of the entire 73-acre parcel. Defendants have appealed from the entire judgment while plaintiff appeals only from so much of the judgment as failed to order that plaintiff had acquired title to the parcel of approximately 28 acres through adverse possession. Defendants contend that the trial court's decision that plaintiff's predecessor in title acquired title to the premises by a tax deed is contrary to the evidence. In this regard, it is argued that Roland Banks was a tenant in common with the other defendants and could not exclude his tenants by purchasing the property at a tax sale. Defendants claim that the mother of Roland Banks originally owned the property in question; that she had three sons other than Roland; and that a tenancy in common was created when the mother died intestate. However, no proof was submitted at the trial to establish that the mother died intestate. Although an affidavit in support of a motion to authorize service of the summons in this action upon unknown defendants alleges the failure to find any record of the death of the mother in the Surrogate's Court of Greene County, such affidavit was not admitted into evidence at the trial nor was any other evidence submitted at trial to establish the fact that the mother died intestate. The burden of proof was on defendants to establish that they had an interest in the property as tenants in common (see RPAPL 1519, subd 3; *Best Renting Co. v City of New York,* 248 NY 491). Upon our review of the record, we conclude that defendants have failed to meet their burden and, therefore, the court's finding that plaintiff obtained valid title to the property in question through his deed from Roland Banks who had acquired valid title through the tax deed was not contrary to the evidence. We find no merit to defendants' contention that Pauline Banks was not joined as a party defendant in violation of CPLR 1001 since the complaint named her husband, among others, as a defendant and included the spouses of the named defendants, and Pauline Banks was personally served with the summons and complaint and she was present and testified at the trial. In view of our conclusion that plaintiff acquired valid title to the property in question by deed

from Roland Banks, we need not now consider the contentions of the parties concerning the trial court's determination on the second cause of action relating to plaintiff's adverse possession. We have considered the other remaining arguments of defendants and find them unpersuasive. Accordingly, the judgment must be affirmed. Judgment affirmed, without costs. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.